**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4284**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MEREDITH ANN YATES,

                    Defendant - Appellant.

_____

**No. 17-4294**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KEVIN WAYNE VANOVER,

                    Defendant - Appellant.

_____

Appeals from the United States District Court for the Western District of North Carolina, at Asheville. Max O. Cogburn, Jr., District Judge. (1:15-cr-00097-MOC-DLH-1; 1:15-cr-00097-MOC-DLH-2)

_____

Submitted: June 28, 2018                    Decided: August 3, 2018

_____

Before NIEMEYER, TRAXLER, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

William Robert Terpening, TERPENING WILDER LAW, Charlotte, North Carolina; Leslie Carter Rawls, Charlotte, North Carolina, for Appellants. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a joint trial, a jury convicted Meredith Ann Yates and Kevin Wayne Vanover of aiding and abetting the possession with intent to manufacture marijuana, in violation of 18 U.S.C. § 2 (2012); 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012); and possession of unregistered firearms, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871 (2012). The jury also convicted Vanover of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and Yates of possession of a firearm by an unlawful controlled substance user, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2) (2012), and making a false material statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2) (2012). The district court sentenced Yates to a mandatory minimum sentence of 60 months' imprisonment and Vanover to 70 months' imprisonment, at the bottom of his Sentencing Guidelines range.

On appeal, Yates and Vanover contest the constitutionality of their statutes of conviction. Yates separately challenges the district court's jury instruction related to her possession of a firearm charge, while Vanover appeals the district court's denial of a two-level reduction to his Sentencing Guidelines offense level for acceptance of responsibility. We affirm.

Yates and Vanover first challenge the constitutionality of their statutes of conviction. Specifically, they claim that the Second Amendment does not allow the government to limit gun ownership based on prior convictions or marijuana use; the government lacks authority to restrict marijuana use under the Tenth Amendment; and, because multiple states have legalized marijuana use, their marijuana convictions violate

3

the Full Faith and Credit Clause and Article IV's Privileges and Immunities Clause. Conceding that precedent forecloses these claims, Yates and Vanover assert that they present these issues to preserve them for potential Supreme Court review.

We review preserved constitutional claims de novo, *United States v. Dowell*, 771 F.3d 162, 167 (4th Cir. 2014), and unpreserved constitutional claims for plain error, *United States v. Jackson*, 706 F.3d 264, 270 n.2 (4th Cir. 2013). The Government contends that Yates and Vanover did not preserve these issues for appellate review and therefore our review should be for plain error, but we need not determine the applicable standard of review because Yates and Vanover's constitutional challenges fail under either standard.

As Yates and Vanover concede, the Second Amendment permits prohibitions on gun ownership by felons and illegal drug users. *See District of Columbia v. Heller*, 554 U.S. 570, 626 (2008); *United States v. Carter*, 750 F.3d 462, 470 (4th Cir. 2014). Further, the Tenth Amendment, which reserves for the states "powers not delegated to the United States by the Constitution, nor prohibited by it to the states," does not prohibit the federal government from restricting marijuana use. U.S. Const. amend. X; *Gonzales v. Raich*, 545 U.S. 1, 9 (2005) (holding Commerce Clause gives Congress authority to prohibit possession and manufacturing of marijuana for personal medical use). Finally, the Full Faith and Credit Clause and Article IV's Privileges and Immunities Clause offer Yates and Vanover no protection, as neither clause applies to federal statutes or federal courts. *See Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986); *Cramer v. Skinner*, 931 F.2d 1020, 1029 n.7 (5th Cir. 1991). Thus, these constitutional claims are unavailing.

Yates next contends that the district court's jury instruction regarding her charge for possession of a firearm by a controlled substance user was erroneous because the court failed to instruct the jury that, to convict Yates, it must find her possession of the firearm "knowing," and the court did not define the term "unlawful user." Because Yates did not object at trial, we review Yates' challenges to the instruction for plain error. *See United States v. Hale*, 857 F.3d 158, 172 (4th Cir. 2017). Thus, "to prevail on appeal, [Yates] must show: (1) there was an error; (2) the error was clear or obvious, rather than subject to reasonable dispute; (3) the error affected [her] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015) (internal brackets and quotation marks omitted).

Under 18 U.S.C. § 922(g)(3), it is unlawful for any person "who is an unlawful user of . . . any controlled substance . . . to . . . possess in or affecting commerce, any firearm." Such conduct must be done "knowingly" in order to constitute an offense. 18 U.S.C. § 924(a)(1)(B) (2012); *see United States v. Frazier-El*, 204 F.3d 553, 561 (4th Cir. 2000).

Yates fails to establish plain error in the district court's instruction. First, assuming without deciding that the district court's instruction was inadequate, Yates fails to show that such error affected the outcome of the proceedings. At trial, Yates admitted purchasing the handgun in question, thus demonstrating that her possession of the firearm was knowing. Yates also cannot show plain error with regard to the district court's decision not to define the term "unlawful user," as she admitted smoking marijuana daily during the

5

period in which she purchased the firearm and evidence showed that she smoked marijuana on the date of the firearm's purchase.

Finally, Vanover argues that the district court erred in denying him a two-level U.S. Sentencing Guidelines Manual § 3E1.1(a) (2015) reduction for acceptance of responsibility. According to Vanover, he qualified for such a reduction because he admitted committing all the elements of the charged offenses and went to trial solely to challenge the constitutionality of the statutes of conviction.

"We review a district court's decision concerning an acceptance-of-responsibility adjustment for clear error[,] . . . giv[ing] great deference to the district court's decision because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (internal brackets and quotation marks omitted). To qualify for the two-level USSG § 3E1.1(a) offense level reduction, "a defendant must prove to the court by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *Id.* (internal quotation marks omitted). "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." USSG § 3E1.1, cmt. n.2. However, "[i]n rare situations," including "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt," such as a "constitutional challenge to statute," the "defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct." USSG § 3E1.1, cmt. n.2.

6

We conclude that the district court did not clearly err in denying Vanover a USSG § 3E1.1(a) reduction. Vanover did not "clearly demonstrate an acceptance of responsibility" because, in addition to challenging the constitutionality of his statutes of conviction at trial, he also "den[ied] the essential factual elements of guilt" by accusing a government informant of lying and law enforcement of conducting a corrupt investigation. USSG § 3E1.1, cmt. n.2. Vanover's lack of remorse for his criminal conduct is further underscored by his statements at sentencing.

Accordingly, we affirm the judgments of the district court. We deny Vanover's motion for leave to file a pro se supplemental brief. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*